**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case Number: 21-MJ-407** |
| | : | |
| **BRANDON JAMES WARE,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM**
**IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum in support of its Motion for Pretrial Detention of Defendant Brandon James WARE under 18 U.S.C. §§ 3142(f)(1)(A) because there is no condition or combination of conditions that will reasonably assure the safety of any person and the community. The defendant was taken into custody in Maryland on an arrest warrant issued by this Court and has been charged by Criminal Complaint in the United States District Court for the District of Columbia with one crime of violence: Receipt of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2). WARE is also charged with Possession of Child Pornography, in violation of 18 U.S.C. 2252(a)(4). An analysis of the factors set forth in 18 U.S.C. 3142 below leads to the conclusion that detention is appropriate.

**FACTUAL BACKGROUND**

During a Department of Homeland Security investigation into a website that sells child pornography on the dark web, agents discovered that a cryptocurrency account linked to WARE was used to purchase child pornography videos depicting prepubescent minor children. Based on that information, on November 3, 2020, law enforcement executed a search warrant on WARE's prior residence in Silver

Spring, Maryland. Following the execution of the warrant, agents learned that WARE relocated to a residence in Washington, D.C.

On or about December 16, 2020, pursuant to a D.C. District Court search warrant related to a child pornography investigation, law enforcement searched WARE's residence located in Washington, D.C. WARE was present at the time of the warrant execution. Law enforcement seized the following items from WARE's residence:

Item 001: USB-C Card Reader w/ 32GB MicroSD Card

Item 002: Black Western Digital External HDD w/ Cords

Item 003: Black Apple iPad Mini

Item 004: Asus Laptop, Model: 8265BGW

Item 005: Apple iPhone

Following the search warrant execution, WARE was advised of his *Miranda* warnings and waived his *Miranda* rights. WARE identified his electronics as a cell phone, laptop, Sony PlayStation 4, and several Apple iPads or tablets, and that he primarily uses his cell phone to access the internet. WARE said most of his electronics would be located in his bedroom, which was located on the middle floor (2nd floor) of the residence. During the interview, WARE identified his laptop as having a sticker of the Japanese anime character "Domo" attached to it. Agents ultimately located an Asus Laptop, Model: 8265BGW (Item 004) with a "Domo" sticker affixed to the front of it in a bedroom on the 2nd floor of the residence. The remaining four (4) items seized from WARE were also located in this bedroom. Additionally, while conducting the search of this bedroom, law enforcement personnel observed mail addressed to "Brandon WARE." WARE also provided agents with his cell phone number and email address.

***Review of Digital Forensics Images and Extractions Obtained from the Electronic Items Seized from WARE***

Law enforcement conducted forensic imaging and obtained extractions on Items 001-005. Based on a review of the forensic images and extractions, the following CSAM items were observed:

a. Item 001: USB-C Card Reader w/ 32GB MicroSD Card: This item contained approximately 327 images and 341 videos of child pornography. These files had a date range of approximately November 11, 2019 – May 26, 2020. One of the child pornography files observed on this device is described below:

> **Title:** video_2017-08-13_10-47-51.mp4
>
> **MD5 Hash:** 512a80e9c75326eb61922d9427051baa
>
> **Creation Date/Time:** February 5, 2020 at 08:48:43 UTC
>
> **File Path:** Partition 1\Hecking\stuff\3rd_U-03-12-19\videos-154_s20\v\video_2017-08-13_10-47-51.mp4
>
> **Description:** This video is approximately fifty-four (54) seconds in length and depicts an unknown male penetrating an infant/toddler's vagina with his visibly erect penis. This video is predominantly filmed with a close-up focus of the child's pubic area.

b. Item 002: Black Western Digital HDD w/ cords – This item contained approximately 13 child pornography videos and four child pornography images. These files had a creation date range of approximately November 29, 2009 – October 31, 2010. One of the child pornography files observed on this device is described below:

**Title:** (Pthc) 6Yo XXXX– Bedtime Rap Until Cum XXXX pedo XXXXX 1yo 2yo 3yo 4yo 5yo 6yo 7yo 8yo 9yo 10yo XXXXXXX fdsa hussyfan Russian korea.mpg[1]

**MD5 Hash:** 6e0358c38689d1b6fa0349fd02c935ac

**Creation Date/Time:** October 31, 2010 at 19:28:16 UTC

**File Path:** Partition 1\Elements\manga download\Manga\H\Video\I\Saved\(Pthc) 6Yo XXXX– Bedtime Rap Until Cum XXXX pedo XXXXX 1yo 2yo 3yo 4yo 5yo 6yo 7yo 8yo 9yo 10yo XXXXXXX fdsa hussyfan Russian korea.mpg

**Description:** This video is approximately one minute and five seconds (1:05) in length and depicts an infant or toddler lying in a bed. A male subject is observed raping the child by performing oral sex on her. Later in the video, a male subject is observed digitally penetrating the child's vagina before inserting his penis in the child's vagina and ejaculating on her.

c. Item 004: Asus Laptop, Model: 8265BGW – This item contained approximately seventy-one child pornography videos. These files had a date range of approximately March 25, 2020 – December 10, 2020. Below is a summary of some of the videos observed:

**Title:** Videos – good.weXX

**MD5 Hash:** 2d4459d7cca37954cb2c88074d590791

**Creation Date/Time:** November 23, 2020 at 23:55:10 UTC

**File Path:** Users\exula\Downloads\Move\Videos – good.weXX

**Description:** This video is approximately 59 seconds in length and depicts a pre-pubescent minor female wearing a multi-colored shirt lying on a bed with blue sheets. The minor female is observed masturbating a nude, erect penis.

1 The titles of the files are redacted so as not to further disseminate child pornography.

**Title:** Videos – 5blowjob.weXX

**MD5 Hash:** b88fef478b504445901e7c513e8edff6

**Creation Date/Time:** 11/24/2020 00:02:44 UTC

**File Path:** Users\exula\Downloads\Move\Videos – 5blowjob.weXX

**Description:** This video is approximately 1 minute in length and depicts a pre-pubescent minor female wearing only a pair of light-colored, purple underwear (Minor 1) and a second minor subject wearing a pink long-sleeved shirt (Minor 2). A male subject wearing only a blue shirt is observed with a visibly erect penis sitting next to Minor 1. Minor 1 is observed looking in the direction of the male subject while holding his penis. Shortly thereafter, the adult male has Minor 1 perform oral sex on him. Later in the video, the male subject removes his shirt before changing positions, now kneeling in front of Minor 1 as he places his left hand on top of Minor 1's head and guides her mouth to his erect penis.

**Title:** Videos – XXXXX Girl Anal Fuck.webm

**MD5 Hash:** 583ca422613517704ff80cb04ba74d64

**Creation Date/Time:** 11/24/2020 00:08:09 UTC

**File Path:** Users\exula\Downloads\Move\Videos\Videos – XXXXX Girl Anal Fuck.webm

**Description:** This video is approximately 7 minutes and 05 seconds in length and depicts a fully nude pre-pubescent minor female lying on her back with her legs spread open, exposing her vagina. A nude, adult male subject with a visibly erect penis is observed in front of the minor female, penetrating the minor female with his erect penis. Later in the video, the adult male subject is observed rubbing his penis on the outside of the child's vagina. The video later cuts to the child on the floor in a kneeling/leaning back position, supporting herself with her hands. The

adult male is observed standing in front of the child, masturbating his erect penis before ejaculating on the child.

***Possible CSAM Files, to Include Child Pornography, Downloaded to WARE's Laptop at WARE's D.C. Residence***

Some of the child pornography files recovered from WARE's laptop were downloaded on November 23 and November 24, 2020. Law enforcement obtained subpoenas for WARE's email account, which he identified as belonging to him during his interview with agents, prior to the search warrant execution. WARE's email address was accessed multiple times from IP addresses assigned to WARE**'s** D.C. residence, including during the November 23-24 time frame.

On April 30, 2021, agents arrested WARE at his residence.

**ARGUMENT**

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence.

The crimes of Receipt of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2), is a crime of violence involving a minor victim, which under 18 U.S.C. § 3142(e)(2) & (3)(E) creates a rebuttable presumption that the defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure the safety of any other person and the community. This presumption "operate[s] at a

minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released").

In determining whether the defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

## **ANALYSIS**

For the reasons that follow, the government submits that there is no condition or

combination of conditions that will reasonably assure the safety of any other person and the community and that the defendant should therefore remain detained pending trial.

**A. The Nature and Circumstances of the Offense Charged**

WARE is charged with Receipt of Child Pornography and Possession of Child Pornography. Receipt of Child Pornography is a violent offense whose severity is illustrated by the mandatory minimum sentences that attach to them. Receipt of Child Pornography carries a five year mandatory minimum sentence.

Moreover, the defendant's conduct in this matter is particularly egregious. The defendant did not merely receive child pornography through a messaging application or through email, but instead went to significant lengths to purchase pornography through methods that would avoid detection by law enforcement. The defendant used cryptocurrency to purchase child pornography from a website on a darknet website.[2] This conduct demonstrates WARE's willingness to evade law enforcement detection in the commission of a criminal offense, which weighs in favor of detention.

Law enforcement's review of WARE's devices also shows that WARE is a prolific collector of child pornography. Agents found 331 images of child pornography and 425 videos of child pornography on WARE's devices. These videos included videos depicting the rape of infants and toddlers, and numerous videos depicting abuse of prepubescent children. The large volume of these materials and the particularly disturbing content of these videos weighs in favor of detention.

**B. The Weight of the Evidence Against the Defendant**

As described above, the evidence against the defendant is overwhelming, including

2 Cryptocurrency allows users to transfer money and make purchases in a more anonymous way than the use of traditional banking and credit systems. In a cryptocurrency transaction, both the purchaser and seller have unique public addresses that send and receive cryptocurrency from cryptocurrency wallets that do not contain their personal information.

irrefutable electronic evidence. The extractions conducted on WARE's devices show that he downloaded and maintained numerous videos and photographs of child pornography on his devices.

**C. The History and Characteristics of the Defendant**

The defendant has a very limited criminal history. However, the defendant's conduct in this case strongly indicates that his lack of criminal history does not adequately reflect his history and characteristics. Based on the agents' review of WARE's devices, he downloaded and maintained pornographic materials depicting the abuse of children over an extended period of time. Moreover, WARE had hundreds of video and picture files on his devices depicting this conduct. Therefore, this factor should weigh in favor of detention.

**D. The Nature and Seriousness of the Danger to Any Person or the Community**

The evidence here establishes that the defendant represents a danger to the community. The large volume of materials WARE downloaded in conjunction with the content of those materials, including the rape of infants and toddlers, caused continuing harm to the children in the images he sought out and downloaded.

Moreover, given the electronic-based component of WARE's conduct, there is no reason to believe that home confinement would substantially mitigate the danger posed by the Defendant to the community. This factor weighs strongly in favor of detention.

## CONCLUSION

For all of the reasons set forth above, and any other reasons set forth at any hearing on this issue, a consideration of the evidence in this case and the applicable statutory factors compels the conclusion that the defendant should be detained pending trial.

WHEREFORE, the government respectfully requests that the court grant its motion for detention of the defendant.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: ______/s/_________________

JANANI IYENGAR
Assistant United States Attorney
NY State Bar No. 5225990
U.S. Attorney's Office
555 4th Street, N.W.,
Washington, D.C. 20530
202-252-7760
Janani.iyengar@usdoj.gov