## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA       )
                                       )
                    Plaintiff,     )
      v.                        )
                                       )  Magistrate No. 21-00407 (RMM)
BRANDON WARE,              )
                                       )
                    Defendant.    )
_____)

### DETENTION MEMORANDUM

This matter comes before the Court on a motion by the United States that Defendant

Brandon Ware ("Mr. Ware") be detained pending trial.  Mr. Ware has been charged by criminal

complaint with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2)

and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4).  The

United States requested a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(A).  *See* 18

U.S.C. § 3156.  The undersigned held a detention hearing on May 5, 2021 and concluded that

Mr. Ware should be held without bond pending trial.  This memorandum fulfills the Bail Reform

Act's requirement that a pretrial detention order "include written findings of fact and a written

statement of the reasons for the detention."  18 U.S.C. § 3142(i)(1); *see also United States v.*

*Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011).

### Statutory Basis for Detention Hearing

The United States cites 18 U.S.C. § 3142(f)(1)(A) as the basis for its request that a

hearing be held on pretrial detention.  Mr. Ware did not dispute the United States' contention that

this provision authorizes the Court to hold a detention hearing in this matter.

1

**Findings of Fact**

At a detention hearing on May 5, 2021, the United States proceeded by proffer based on its Memorandum in Support of Pre-Trial Detention.  *See* ECF No. 7.  Having considered the United States' proffer, the Court makes the following findings of fact.

A Department of Homeland Security investigation into a website that sells child pornography on the dark web discovered the purchase of child pornography videos by a cryptocurrency account linked to Mr. Ware.  Based on this information, on November 3, 2020, law enforcement officers executed a search warrant on Mr. Ware's prior residence in Silver Spring, Maryland.  Following the execution of this warrant, agents learned that Mr. Ware had relocated to a residence in Washington, D.C.  On December 16, 2020, law enforcement officers executed a subsequent search warrant of Mr. Ware's Washington, D.C. residence.  Mr. Ware was present at the time of the search.  During the search, officers seized five electronic items from the residence:

Item 1: USB-C Card Reader w/32GB MicroSD Card;

Item 2: Black Western Digital External HDD w/ Cords;

Item 3: Black Apple iPad Mini;

Item 4: Asus Laptop, Model: 8265BGW; and

Item 5: Apple iPhone.

After the search, Mr. Ware was advised of his *Miranda* rights and, after waiving them, provided an interview to law enforcement officers.  During the interview, Mr. Ware identified his electronics to the officers and confirmed that most of his electronic devices would be located in his bedroom on the middle (second) floor of the residence.  Mr. Ware further confirmed that the Asus Laptop, Model: 8265BGW (Item 4), which officers had found in a bedroom on second

floor, was his and identified this laptop as having a sticker of the Japanese anime character "Domo" attached to it.  The remaining four items seized during the search were also found in Mr. Ware's bedroom, where, during the search, officers also observed mail addressed to "Brandon Ware."  During the interview, Mr. Ware also provided officers with his cell phone number, email address, and the passwords for the seized devices.

Law enforcement officers then conducted a forensic imaging and obtained extractions on Items 1-5 seized during the search.  From this review, law officers uncovered the following materials:

Item 1: approximately 327 images and 341 videos of child pornography;

Item 2: 13 child pornography videos and four child pornography images; and

Item 4: 71 child pornography videos.

Some of the child pornography files recovered from Mr. Ware's laptop (Item 4) were downloaded on November 23 and 24, 2020.  Information gathered from a subpoena of Mr. Ware's email address[1] further revealed that Mr. Ware's email address was accessed multiple times from an IP address assigned to Mr. Ware's D.C. residence during the November 23 and 24, 2020 time period.

**Procedural History**

On April 28, 2021, Mr. Ware was charged by criminal complaint with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4).  *See* ECF No. 1.  Mr. Ware was arrested on April 30, 2021 and appeared before the undersigned for his initial appearance on May

---

[1] During his interview with law enforcement officers, Mr. Ware confirmed that this email address belonged to him.

3, 2021. *See* ECF No. 5 (Return on Arrest Warrant). The Court then held Mr. Ware without

bond pending a detention hearing scheduled for May 5, 2021. On the day of the scheduled

detention hearing, both parties appeared and provided oral arguments.

## Legal Standard

"In our society, liberty is the norm and detention prior to trial or without trial is the

carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail

Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, articulates the circumstances that trigger that

exception. Specifically, it authorizes a judicial officer to order the detention of a defendant

before trial if the judicial officer determines that "no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and

the community." 18 U.S.C. § 3142(e).

A finding that a defendant poses a danger to the community or is a serious flight risk

provides an adequate basis to order pretrial detention. *See Salerno*, 481 U.S. at 755; *United

States v. Vasquez-Benitez*, 919 F. 3d 546, 550 (D.C. Cir. 2019); *United States v. Lee*, 195 F.

Supp. 3d 120, 124 (D.D.C. 2016). A detention decision based upon the defendant's

dangerousness must be supported by "clear and convincing evidence" that "no condition or

combination of conditions will reasonably assure the safety of any other person and the

community." 18 U.S.C. § 3142(f); *see United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir.

1996). "When the Government proves by clear and convincing evidence that an arrestee

presents an identified and articulable threat to an individual or the community, ... a court may

disable the arrestee from executing that threat." *United States v. Munchel*, 991 F.3d 1273, 1280

(D.C. Cir. 2021) (citing *Salerno*, U.S. at 751). In contrast, a detention decision based upon a

finding that no set of conditions will reasonably assure the defendant's appearance in court "need

only be supported by a 'preponderance of the evidence.'"  *United States v. Simpkins*, 826 F.2d

94, 96 (D.C. Cir. 1987) (quoting *United States v. Vortis*, 785 F.2d 327, 329 (D.C. Cir. 1986)); *see*

*United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Anderson*, 382 F.

Supp. 2d 13, 14 (D.D.C. 2005).

     The Bail Reform Act directs judges to consider four factors in determining whether any

conditions of release will reasonably assure the defendant's future presence in court or the safety

of any other person and the community: (1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant; (3) the defendant's history and

characteristics; and (4) the nature and seriousness of the danger to any person or to the

community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g)(1)–(4);

*Xulam*, 84 F.3d at 442.  The court must consider the available information pertaining to all four

factors, even if the parties' arguments do not address each factor.  *See* 18 U.S.C. § 3142(g);

*United States v. Hassanshahi*, 989 F. Supp. 2d 110, 117 (D.D.C. 2013).

     When there is probable cause to believe that a defendant committed certain offenses, a

rebuttable presumption applies "that no condition or combination of conditions will reasonably

assure the appearance of the [defendant] as required and the safety of the community."

18 U.S.C. § 3142(e)(3).  A rebuttable presumption may also be triggered if the defendant has

prior convictions.  18 U.S.C. § 3142(e)(2).  Once this rebuttable presumption has been triggered,

"the presumption operate[s] *at a minimum* to impose a burden of production on the defendant to

offer some credible evidence contrary to the statutory presumption."  *United States v. Alatishe*,

768 F.2d 364, 371 (D.C. Cir. 1985) (emphasis in original).  Furthermore, "even if the defendant

offers evidence to counter the presumption, the presumption does not disappear entirely." *United*

*States v. Hunt*, 240 F. Supp. 3d 128, 132.  Instead, the "presumption is incorporated into the

other factors ... in determining whether to grant a conditional release and is given substantial weight." *United States v. Cherry*, 221 F. Supp. 3d 26, 32 (D.D.C. 2016) (quoting *United States v. Ali*, 793 F. Supp. 2d 386, 391 (D.D.C. 2011)); *see also United States v. Hite*, 76 F. Supp. 3d 33 (D.D.C. 2014) (detaining the defendant even though the defendant had presented enough evidence to rebut a presumption of detention).

## Discussion

The United States seeks detention based on Mr. Ware's dangerousness, without reference to whether he presents a flight risk, and relies on the rebuttable presumption that Mr. Ware should be detained pending trial pursuant to 18 U.S.C. § 3142 (e)(2) and (e)(3). The Court addresses the rebuttable presumption first and finds that it does not apply. Nonetheless, after weighing the statutory factors set forth in Section 3142(g) of the Bail Reform Act, the Court concludes that there are no release conditions that would reasonably assure the safety of the community. Therefore, pretrial detention is appropriate.

The Court does not find that a rebuttable presumption applies in favor of detaining Mr. Ware pending trial. Mr. Ware's criminal history does not appear to include convictions that would trigger a rebuttable presumption. *See* 18 U.S.C. § 3142(e)(2). Thus, a rebuttable presumption is only applicable in this case if the Court finds upon probable cause that Mr. Ware committed the offenses of which he has been charged. *See* 18 U.S.C. § 3142(e)(3)(E). While the Court found probable cause to issue the complaint in this matter, no indictment has been issued and no preliminary hearing has been held to present evidence on which the Court could base its probable cause finding. *See Alatishe*, 768 F.2d 370 ("In light of the Magistrate's finding [at a preliminary hearing] that there was probable cause to believe that the defendant had committed the [offense charged], the Government's assertion of the rebuttable presumption was clearly

6

proper."); *see also Smith*, 79 F.3d at 1210 (finding that an "indictment alone [is] enough to raise the rebuttable presumption that no conditions would reasonably assure the safety of the community."). Thus, the Court will not rely on a rebuttable presumption that there are no conditions or combination of conditions that would reasonably assure the safety of any other person and the community.

Even without a presumption, however, the four statutory factors set forth in the Bail Reform Act weigh in favor of pretrial detention. The first factor, the nature and circumstances of the offense, favors detention. Section 3142(g) directs the Court to consider, as part of its analysis of this factor, whether the charged offense involves a crime of violence or a minor victim. *See* 18 U.S.C. § 3142(g). Mr. Ware is charged with receipt and possession of child pornography. These very serious charges constitute a crime of violence and involve minor victims. *See* 18 U.S.C. § 3156. It is particularly troubling that law enforcement officers uncovered so many child pornographic materials from Mr. Ware's electronic devices, including 331 images and 425 videos of child pornography, and that he was able to gather so many materials using purchasing methods aimed to evade detection. Consequently, the Court concludes that the nature and circumstances of the offense weigh heavily in favor of detention.

The second factor, the weight of the evidence, is substantial and also favors detention. During his interview with law enforcement officers, Mr. Ware acknowledged that the electronic devices gathered during the execution of the search of Mr. Ware's residence were his. He also provided those law enforcement officers with the passwords to his electronic devices, which enabled the recovery of the child pornographic materials contained on the devices. The overwhelming number of recovered materials also adds to the weight of evidence in this case.

The Court therefore concludes that the evidence presented by the United States is strong and supports detention.

The third factor, which considers the Defendant's history and characteristics, favors release. Mr. Ware verified his employment and address with law officers, indicating his stable employment and residence within the community. There is nothing in his history that indicates that he has committed violent or sexual offenses, or any other offenses similar to the conduct that he is being charged with in this case. Given these factors, the Court finds that Mr. Ware's history and characteristics favor release.

The fourth factor, nature and seriousness of any danger to the community, also favors detention. If Mr. Ware were released and able to obtain and possess additional child pornographic materials, he would directly harm children and the community. The risk is particularly acute given that the materials recovered from his devices involve children as young as infants and toddlers, who are among the most vulnerable segments of our population. Child pornographic materials cannot be created without abusing and exploiting the children depicted in the videos and images. Such materials, moreover, are developed because of the demand for them by people who purchase and receive them. Thus, should Mr. Ware receive or possess any more child pornographic materials upon release, he would be directly harming the children who are abused and exploited from the process of making such materials.

Mr. Ware has suggested that there are ways to mitigate the risk of danger to the community upon his release by implementing stricter release conditions, including self-surrendering all telephone and electronic devises. However, the Court is not persuaded that these release conditions are an adequate safeguard for the safety of the community. While the law does not require certainty, the harm from Mr. Ware accessing the same materials at issue in this

case upon his release is so extreme that release conditions relying only on Mr. Ware's self-regulation are not enough to reasonably assure the Court that these harms would not occur. Therefore, the Court concludes the fourth factor favors detention.

After weighing all four factors, the Court concludes that there is clear and convincing evidence that no combination of release conditions would reasonably assure that Mr. Ware would not endanger the community by accessing child pornographic materials upon his release.

## Conclusion

For the foregoing reasons the Court finds that the United States has met its burden in showing, by clear and convincing evidence, that pretrial detention is warranted because Mr. Ware presents a danger to the community.  Having reviewed and weighed all of the evidence and the factors set forth in 18 U.S.C. § 3142(g) and considered all of the lesser restrictive alternatives to pretrial detention, this Court concludes that no condition nor combination of conditions would reasonably ensure the safety of the community.  Therefore, the Court GRANTS the United States' motion for detention without bond.

Dated:   05/10/2021                                    _____
                                                                       ROBIN M. MERIWEATHER
                                                                       UNITED STATES MAGISTRATE JUDGE